CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 09, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRIAN TURNER,<br>Plaintiff, | ) | Civil Action No. 7:24-cv-00874 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| UNITED STATES OF AMERICA, *et al.*,<br>Defendants. | ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Brian Turner, acting *pro se*, brought this action against the United States of America pursuant to 28 U.S.C. § 1346. In his amended complaint, Turner alleges that the government "seized my personal effects" and seeks compensation "for my personal property." (Am. Compl. 3, Dkt. No. 6.) Before the court is a motion to set aside default by the government (Dkt. No. 18) and a motion for default judgment by plaintiff (Dkt. No. 19). The government's motion to set aside the default will be granted. Because the court is setting aside the default, plaintiff's motion for default judgment will be denied as moot.

Turner filed this action on December 12, 2024, and an amended complaint was filed on January 21, 2025 (Dkt. No. 6). The court ordered service upon the United States on February 3, 2025. (Dkt. No. 11.) On September 17, 2025, the court issued an order noting that the government was served in February 2025 and had not appeared in this action or filed any answer or responsive pleading. Accordingly, the court entered default against the United States of America and ordered that plaintiff should either move for default judgment or show cause why his claims should not be dismissed for want of prosecution. (Dkt. No. 16.)

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, . . ." Fed. R. Civ. P. 55(c). A court should consider "whether the moving

party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Caldaza v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The criteria must be "liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

In its motion to set aside the default, the United States represents that it cannot confirm actual receipt of the summons and complaint in this case.[1] Thus, the court may conclude that the government is not responsible for the default. The government acted with reasonable promptness, and there is no history of dilatory action, as its motion was filed nine days after the clerk's entry of default, and the government represents that the motion was filed on the same day it learned about the entry of default. The government also appears to have a meritorious defense in this action; in a criminal proceeding against Turner, the court addressed a motion seeking the return of personal property and noted that "there is no disputed issue of fact as to what happened to Turner's personal property" and "the personal property is not in the possession of the United States but is instead in the possession of Turner's relative . . . ." (Case No. 3:24-cv-00008, Dkt. No. 112 at 4.) Finally, Turner will not be prejudiced because even if the default were maintained, Turner would still have to prove his claim to obtain relief in this action.

[1] The returned green card shows that the mailing was sent to "U.S. Attorney, 310 First St., SW, Roanoke, VA 24011," rather than to the civil process clerk at P.O. Box 1709. The United States Attorney's Office in Roanoke is located at 310 First Street, but numerous other businesses and agencies are also located at that address.

For these reasons, it is HEREBY ORDERED that the United States of America's motion to set aside default (Dkt. No. 18) is GRANTED, and plaintiff's motion for default judgment (Dkt. No. 19) is DENIED without prejudice as moot. The government is directed to file an answer or other responsive pleading within thirty days of this order.

The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record..

Entered: September 9, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge